UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE STEWART NEIL MAYER,<br><br>Debtor,<br><br>ROBERT J. HARRINGTON,<br><br>Appellant,<br><br>v.<br><br>STEWART NEIL MAYER,<br><br>Appellee. | Case No.: 20-CV-1376 TWR (JLB)<br>Bankruptcy No.: 17-05922-LA7 &<br>Adversary Proc. No.: 18-90015-LA<br><br>**ORDER (1) DENYING APPELLANT'S MOTION FOR LEAVE TO APPEAL, AND (2) REMANDING ACTION TO THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>(ECF No. 1-6) |
|---|---|

Presently before the Court is Appellant Robert J. Harrington's Motion for Leave to Appeal ("Mot.," ECF No. 1-6) the Honorable Louise DeCarl Adler's denial without prejudice of Appellant's motion for relief from the automatic bankruptcy stay in *Harrington v. Mayer*, No. 18-90015-LA (Bankr. S.D. Cal.) (the "Adversary Proceeding"). Also before the Court are Appellee and Debtor Stewart Neil Mayer's Opposition to ("Opp'n," Adversary Proceeding ECF No. 340; *see also* ECF No. 6) and Appellant's Reply in Support of ("Reply," ECF No. 7-1) the Motion. The Court concludes that the Motion is suitable for resolution on the papers without oral argument pursuant to Civil Local Rule

1

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

7.1(d)(1).  Having carefully considered the Parties' arguments, the record, and the law, the Court **DENIES** Appellant's Motion and **REMANDS** this action.

## BACKGROUND

### I. The Massachusetts Litigation

In the 1980s, Appellant and Appellee entered into an oral agreement to become real estate partners in Massachusetts.  (*In re Mayer*, Case No. 17-05922-LA7 (Bankr. S.D. Cal) ("*In re Mayer*" or the "Bankruptcy Proceeding"), ECF No. 85-2 at 2; *In re Mayer* ECF No. 85-3 Ex. 4 at 6.)  In 1995, pursuant to their partnership agreement, Appellant and Appellee incorporated Nexum Development Corp. ("NDC"), a Massachusetts corporation.  (*In re Mayer*, ECF No. 85-2 at 2; *In re Mayer* ECF No. 10 at 12.)  In 1996, also pursuant to their partnership agreement, Appellant and Appellee formed Terrian, LLC ("Terrian"), a Massachusetts limited liability corporation.  (*In re Mayer*, ECF 85-2 at 2; *In re Mayer* ECF No. 10 at 12.)

In September 2010, Appellee brought an action against Appellant in Middlesex Superior Court in Massachusetts, *Mayer v. Harrington*, No. 10-3537 (Mass. Super.), seeking the dissolution of NDC and alleging that Appellant had breached his fiduciary duties to Appellee.  (*In re Mayer*, ECF No. 85-3 Ex. 1.)  Appellant filed a counterclaim against Appellee, seeking damages for breach of fiduciary duty, breach of contract, fraudulent misrepresentations, and violations of chapter 93A of the Massachusetts General Laws.  (*In re Mayer*, ECF No. 85-3 Ex. 2.)

In August 2011, Appellee's sister, Patricia F. Mayer, as Trustee of the Mayer Family Trust, brought an action against Appellant and Terrian, *Mayer v. Terrian, LLC*, No. 11-2762 (Mass. Super.).  (*In re Mayer*, ECF No. 85-3 Ex. 3.)  Ms. Mayer sought to obtain a discharge of a mortgage on a parcel of real estate granted to Terrian by Ms. Mayer as Trustee of the Survivor's Trust, a sub-trust of the Mayer Family Trust.  (*Id.*)  Appellant filed a counterclaim against Ms. Mayer and Appellee, again seeking damages for breach of fiduciary duty, breach of contract, fraudulent misrepresentation, and violations of chapter 93A of the Massachusetts General Laws.  (*In re Mayer*, ECF No. 85-3 Ex. 5.)

2

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

In October 2011, both lawsuits were consolidated (the "Consolidated Case"), following which the Parties engaged in extensive discovery. (*In re Mayer*, ECF No. 85-2 at 2.)  A jury trial was scheduled for October 4, 2017. (*Id.*)  On September 29, 2017, however, Appellee filed a voluntary petition for relief under Chapter 7, which resulted in the cancellation of the trial and the Consolidated Case being placed on inactive status. (*Id.*)

## II.  The Bankruptcy Proceeding

### A.  *Appellant's Adversary Proceeding*

On February 12, 2018, Appellant initiated the Adversary Proceeding by filing a complaint against Appellee requesting an order either (1) denying the discharge of the debt pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), or (2) denying Appellee a discharge pursuant to 11 U.S.C. §§ 727(a)(3) and 727(a)(5).[1]  (Adversary Proceeding, ECF No. 1.)

Appellant requested a stay of the Adversary Proceeding on December 12, 2018. (Adversary Proceeding, ECF No. 46.)  On January 10, 2019, Judge Adler granted a temporary stay of discovery. (Adversary Proceeding, ECF No. 53.)

---

[1] Section 523(a) provides, in relevant part:

> A discharge . . . does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . [or] for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. §§ 523(a)(2)(A), 523(a)(4).

Section 727(a)(3) provides:

> The court shall grant the debtor a discharge, unless . . . the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3).

3

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

### B.     *Appellant's Claim in the Bankruptcy Proceeding*

In March 2018, Appellant filed Claim 5 in the underlying Bankruptcy Proceeding against Appellee in the amount of $2,050,901.00 for claims of breach of fiduciary duty, breach of contract, fraud, and violations of chapter 93A of the Massachusetts General Laws. (*In re Mayer*, ECF No. 85-2 at 4.) According to Appellant, the claims asserted in Claim 5 "are exactly the same claims that [he] asserted against [Appellee] in the Consolidated Case." (*Id.*)

### C.     *Appellant's Request for Relief from the Automatic Stay*

In September 2018, Appellant moved in the Bankruptcy Proceeding for relief from the automatic bankruptcy stay so that the Consolidated Case could proceed to a jury trial. (Adversary Proceeding, ECF No. 85.) Although Judge Adler held several hearings on the motion, (*see* Adversary Proceeding, ECF Nos. 96, 135, 151, 172), she did not rule on it.

On July 1, 2019, Judge Adler issued a Tentative Ruling indicating that she was inclined to grant the requested relief pursuant to the factors outlined in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). (Adversary Proceeding, ECF No. 171.) At the hearing on July 2, 2019, however, Appellee's counsel asked Judge Adler to reconsider her Tentative Ruling on the grounds that the motion for relief from the automatic stay was brought eleven months after the Adversary Proceeding had been filed, during which time Appellee incurred over $50,000 in discovery-related expenses. (*See* Opp'n Ex. 3 ("Tr.") at 3:22–5:7.) Appellee's counsel noted that the automatic stay is designed for the protection of both the debtor and his estate and that the harm to Appellee caused by Appellant's delay in filing his motion was relevant to the balancing of the hurts factor of the *Curtis* analysis. (*See id.* at 5:8–9:19.) Judge Adler vacated her Tentative Ruling on Appellant's motion, (*see id.* at 46:19–28), and continued the hearing to September 19, 2019. (*See id.* at 51:18–52:25.)

Several additional continuances followed. (*See* Adversary Proceeding, ECF Nos. 175, 192–93, 217–18, 234, 237, 261, 263, 265, 280–81, 283–84, 289.) On May 14, 2020, Judge Adler continued the hearing to June 18, 2020, and ordered the Parties to file status

4

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

reports no later than June 11, 2020.  (Adversary Proceeding, ECF No. 289.)  Having received no status report from Appellant, Judge Adler indicated that she was inclined to deny without prejudice his motion on the grounds that "this matter is now ready for trial on the nondischargeability complaint in the [United States Bankruptcy Court] and should be scheduled for same."  (Adversary Proceeding, ECF No. 301.)  Although Appellant filed an untimely status report the following day, (*see* Adversary Proceeding, ECF No. 302), Judge Adler affirmed her tentative ruling after the hearing.  (*See* Adversary Proceeding, ECF No. 305.)  Judge Adler entered her final order denying without prejudice the requested stay on July 6, 2020, indicating that her ruling was based on "the reasons stated in open session following the conclusion of argument, and good cause therefore appearing."[2]  (*See* Adversary Proceeding, ECF No. 313)

The instant action followed on July 20, 2020, (*see* ECF No. 1), through which Appellant seeks to appeal—either as of right or on an interlocutory basis—Judge Adler's July 6, 2020 order.  (*See* ECF No. 1-6.)

## LEGAL STANDARD

Section 158(a)(3) of Title 28 of the United States Code provides that, with leave of court, district courts have jurisdiction to hear appeals of interlocutory orders of bankruptcy judges.  28 U.S.C. 158(a)(3); *see also* Fed. R. Bankr. P. 8004(a) (setting forth procedure for interlocutory appeals under Section 158(a)(3)).  Neither Section 158 nor Rule 8004, however, articulates the standard governing when leave should be granted.  Courts therefore "look[] to the standards set forth in 28 U.S.C. §1292(b)," which governs interlocutory appeals in non-bankruptcy federal actions.  *Roderick v. Levy (In re Roderick Timber Co.)*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995) (citing *Leisure Dev. Inc. v. Burke (In re Burke)*, 95 B.R. 716, 717 (9th Cir. B.A.P. 1989); *Lompa v. Price (In re Price)*, 79 B.R. 888, 889 (9th Cir. B.A.P. 1987), *aff'd*, 871 F.2d 97 (9th Cir. 1989)).

---

[2] Neither Party provided the Court with a copy of the transcript of the June 18, 2020 hearing, which is restricted through January 4, 2021.  (*See* Adversary Proceeding, ECF No. 365.)

5

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

Under 28 U.S.C. §1292(b), leave to appeal is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The Ninth Circuit has cautioned that Section 1292(b) "is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1966); *see also Coopers & Lybrand v Livesay*, 437 U.S. 463, 475 (1978) ("[E]xceptional circumstances [must] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."); *James v Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (noting that Section 1292(b) is available only "[i]n rare circumstances" and "must be construed narrowly").

## ANALYSIS

By way of the instant Motion, Appellant seeks appellate review of Judge Adler's order denying without prejudice his request for relief from the automatic stay. (*See generally* Mot.) Appellant contends that he is entitled to appeal as of right under *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. ___, 140 S. Ct. 582 (2020), (*see* Mot. at 10–11), or, alternatively, that he is entitled to an interlocutory appeal under 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8004. (*See* Mot. at 11–18.)

**I.     Appeal as of Right**

The United States Supreme Court recognizes that "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen*, 140 S. Ct. at 586 (citing *Bullard* v. *Blue Hills Bank*, 575 U.S. 496, 501 (2015)). In *Ritzen*, the Court "h[e]ld that the adjudication of a motion for relief from the automatic stay forms a discrete procedural unit within the embracive bankruptcy case[, which] . . . yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief." *Id.* The question, therefore, is whether Judge Adler's denial without prejudice of Appellant's motion was an "unreserved[]" denial entitling Appellant to an appeal as of right.

6

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

Appellant argues that the denial was, "for all practical purposes, a denial with prejudice," meaning that, "under *Ritzen*, the Court's order is a final judgment that is immediately appealable as of right." (Mot. at 11.) Appellant notes that his "motion had been pending for almost two years" and that Judge Adler "gave no guidance as to any circumstances under which [she] would consider granting relief." (*Id.* at 10.) "Thus, it makes no sense whatsoever to suggest that [Appellant] must wait some indeterminate amount of time, for some unspecified set of circumstances to arise, in order to be able to renew the motion and have any chance of obtaining relief that will necessarily come too late to be of any benefit." (*Id.* at 11.) Appellee responds that the denial "was expressly made 'without prejudice'" and, consequently, "is not a final order." (Opp'n at 7.)

The Court agrees with Appellee. Appellant's reliance on *United States v. Wallace & Tiernan Co.*, 336 U.S. 793 (1949), and *Thompson v. Potashnick Construction Co.*, 812 F.2d 574 (9th Cir. 1987)—which both involved dismissal without prejudice of the entire action pending before the district court, *see Wallace*, 336 U.S. at 794 n.1; *Thompson*, 812 F.2d at 576—is misplaced. (*See* Reply at 2.) Unlike those cases, where the orders appealed from "ended th[e] suit so far as the [lower] Court was concerned," *see, e.g.*, *Wallace*, 336 U.S. at 794 n.1, Judge Adler's order provided Appellant the opportunity to renew his request for relief. Appellant's speculation that Judge Adler would not grant his relief upon a renewed motion does not render the denial—explicitly made without prejudice—final for purposes of *Ritzen*. (*See* Reply at 3–4.) The Court therefore concludes that Appellant is not entitled to appeal Judge Adler's July 6, 2020 order as of right.

## II. Interlocutory Appeal

Alternatively, Appellant argues that he is entitled to an interlocutory appeal, which, "if successful, will permit [Appellant] to establish his rights against [Appellee] at less expense, while preserving his right to a jury trial, and will thereby dramatically reduce the burden on the bankruptcy court and its resources." (*See* Mot. at 12.) Appellee opposes on the grounds that Appellant has failed to demonstrate his entitlement to this "extraordinary

/ / /

7

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

relief" under the requisite Section 1292(b) factors. (*See* Opp'n at 7–9.) The Court agrees that Appellant has failed to carry his burden.

### A. *Controlling Question of Law*

A party seeking an interlocutory appeal must first demonstrate that the order to be appealed "involves a controlling question of law." 28 U.S.C. § 1292(b); *see also In re Cement*, 673 F.2d at 1026. A question of law is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026. "Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the [Appellant] would end the lawsuit." *Woodbury*, 263 F.2d at 784.

The Court agrees with Appellee that Appellant fails to identify a controlling question of law. (*See* Opp'n at 7.) Despite recognizing that Section 1292(b) applied to his Motion, (*see* Mot. at 12–13), Appellant never explicitly addressed the relevant factors, arguing instead that he had demonstrated that relief from the stay was warranted, that Judge Adler's ruling adversely affects Appellant's rights, that the trial will be complex and lengthy, and that an interlocutory appeal will serve the interests of judicial economy. (*See id.* at 13–18.) Appellant attempts to cure this deficiency on Reply, contending that "the issue [Appellant] seeks leave to appeal would materially affect the outcome of the litigation." (Reply at 5.) Specifically, Appellant contends that, "if [he] succeeds in obtaining relief from [the] stay, the Massachusetts litigation will go forward to trial and, to the extent that a judgment enters in [his] favor," it will relieve the bankruptcy court from adjudicating Appellant's claim in the Bankruptcy Proceeding or the claims in the Adversary Proceeding. (*See id.* at 5–6.)

Appellant's arguments are too little, too late. Not only was it improper for Appellant to raise these arguments for the first time in his Reply, *see, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), but Appellant fails to identify a controlling question of law. *Woodbury*, 263 F.2d at 784. Rather, Appellant contends that Judge Adler abused her discretion by denying him relief from the automatic stay. (*See* Mot. at 9–10.) But "[i]n

8

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

most cases, an appeal under 1292(b) is an inappropriate vehicle for appellate review when there is no dispute concerning the fact that the district court is indeed vested with discretion over a particular matter, as is the case here." *See Howard v. Davis*, No. CV 08-6851 DDP, 2015 WL 13415013, at *3 (C.D. Cal. Oct. 14, 2015); *see also id.* ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.").

Accordingly, Appellant has failed to demonstrate that his proposed interlocutory appeal involves a controlling question of law. Because all three factors under Section 1292(b) must be met, *see Couch v. Telescope*, 611 F.3d 629, 633 (9th Cir. 2010), Appellant's failure to establish a controlling question of law alone merits denial of Appellant's Motion. Nonetheless, the Court briefly addresses the remaining factors, which bolster the Court's conclusion.

### B.   *Substantial Ground for Difference of Opinion*

"[T]o determine if a 'substantial ground for difference of opinion' exists under Section 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.* Instead, a "substantial ground for difference of opinion" exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* One party's strong disagreement with the ruling is insufficient to establish a "substantial ground for difference." *Id.*

Appellant fails to identify a substantial ground for a difference in opinion in his Motion. (*See generally* Mot.) Instead, Appellant evidences only his disagreement with Judge Adler's application of the facts to the law, (*see id.*), which does not suffice. *See Couch*, 611 F.3d at 633. Appellant attempts to remedy this in his Reply, relying on *City of San Bernardino*, 260 F. Supp. 3d 1216 (C.D. Cal. 2013), to argue that he need only show

9

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

that "fair-minded jurists might reach a contradictory conclusions," which Appellant has done because Judge Adler "effectively disagreed with [her]self" in vacating her Tentative Ruling and denying the requested relief from the stay. (*See* Reply at 6.) In *City of San Bernardino*, however, the court found that courts held widely divergent views and that case law provided little insight on how the law should be applied. 260 F. Supp. 3d at 1225. On that basis, the court concluded that "substantial grounds for difference of opinion exist where novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Id.*

Appellant makes no such showing here. Rather, Appellant's arguments are the sort generally resolved through standard, post-judgment appeal. The Court therefore concludes that Appellant has failed to establish that his appeal presents a substantial ground for difference of opinion.

### C. *Materially Advance the Ultimate Termination of the Litigation*

Finally, an interlocutory appeal must serve judicial economy by materially advancing the ultimate termination of the litigation. *In re Cement*, 673 F.2d at 1027. An interlocutory appeal materially advances the ultimate termination of the litigation when resolution of the controlling question of law "may appreciably shorten the time, effort, or expense of conducting a lawsuit." *U.S. Rubber Co. v Wright*, 359 F.2d 784, 785 (9th Cir. 1966). "The legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* The party seeking interlocutory review "has the burden of persuading the court . . . that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand*, 437 U.S. at 475 (1978).

Appellant contends that granting leave would serve judicial economy by avoiding "filing new motions for relief from stay until the Bankruptcy Court either allows the motion or enters an order denying the motion with prejudice." (*See* Reply at 7.) Appellant also contends that the same issue will be pursued on appeal after entry of a final, reviewable

10

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

order.  (*Id.* at 7–8.)  Appellant does not explain how permitting an interlocutory appeal will serve judicial economy.  *See Medlock v. Taco Bell*, No. 7-CV-01314-SAB, 2014 WL 6389382, at *2 (E.D. Cal Nov. 14, 2014) ("[R]egardless of whether an appeal was taken now or an appeal was taken after final judgment . . . the action would be remanded, and discovery and trial on the reinstated claims would take place [and t]he only difference would be whether the process takes place now as opposed to after final judgment."); *Hanni v. Am. Airlines, Inc.*, No. 08-00732-CW, 2008 WL 5000237, at *7 (N.D. Cal. Nov. 21, 2008) ("If the Ninth Circuit affirms the Court's order, the interlocutory appeal would have delayed the termination of this case [and i]f the Ninth Circuit reverse[s], the claims will go forward and one party may take a second appeal, thus burdening the court of appeals with two appeals in the same case.").  Further, it would appear that Judge Adler has determined that the Adversary Proceeding is ready for trial and that proceeding to trial before her, rather than in Massachusetts, would best serve judicial economy.  (*See* Adversary Proceeding, ECF No. 301.)  Accordingly, the Court concludes that Appellant has failed to establish that an interlocutory appeal would materially advance the ultimate termination of this litigation.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Appellant's Motion for Leave to Appeal (ECF No. 1-6) and **REMANDS** this action to the United States Bankruptcy Court for the Southern District of California.  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  November 16, 2020

_____
Honorable Todd W. Robinson
United States District Court

11

20-CV-1376 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA